[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The couple were married at Ithaca, New York, on August 9, 1980. There are two children issue of the marriage: Elens Miller, III, born December 2, 1981; Edward Miller, born November 30, 1983.
The couple have experienced difficulty with the marriage for several years. The husband complained of his wife wanting to live her own life, overspending and fighting. The wife complained about lack of money and physical abuse. It is clear that there is no hope of reconciliation, and a decree of dissolution may enter on the grounds of irretrievable breakdown. The fault appears to be equally divided.
The husband is in the U.S. Navy and has a monthly income of $1,600.00. The wife has a weekly income of $90.00 from babysitting. However, she has a college degree and has the ability to earn between $14,000.00 and $16,000.00 per year. CT Page 300
Having reviewed the statutes relating to custody, alimony, support guidelines and property settlement, the Court enters the following orders:
(A) The parents shall have joint custody of both children with primary residence with the mother.
(B) The husband shall have visitation as follows:
 (1) Alternate weekends when husband does not have duty, to begin Saturday 9 a.m. and ending Sunday 6 p. m.
 (2) Alternate Tuesdays beginning at 6 p. m. and ending at 9 a.m. Wednesday, when there is no weekend visitation. Children to be delivered to school when in session and to home otherwise.
 (3) Beginning in 1991, husband to have children for Christmas vacation to begin on December 24, 1991 at 9 a.m. and ending 1 p. m. on day before children are to return to school; and to continue alternate years thereafter.
 (4) Beginning in 1990, husband to have children for Thanksgiving vacation beginning on the previous Wednesday at 6 p. m. and ending at 1 p. m. on following Sunday; and to continue in alternate years.
 (5) One week during children's summer vacation to begin Friday at 6 p. m. and ending the following Sunday at 1 p. m. Husband shall give wife two weeks notice of intent to exercise this visit.
(C) Support: The husband shall pay support in the amount of $81.50 for each child per week for a total of $163.00 total, payable every two weeks by Navy allotment. Husband shall execute documents necessary to continue children's medical coverage under Navy program during minority; parties to share unreimbursed medicals incurred to children 50/50 (including medical, surgical, optometric, ophthalmological, prescription, dental, orthodontic and psychological/psychiatric).
(D) Alimony: The husband shall pay alimony to the CT Page 301 wife of $30.00/week for one year ending June 30, 1991, nonmodifiable as to term and amount. Husband shall execute documentation necessary to unable wife to get Navy medical benefits, if that is possible; in which case wife shall bear 100 percent cost of her unreimbursed medical expenses.
(E) Property Division: Husband shall retain possession and ownership of 1986 VW Jetta 4 door auto per his financial affidavit and hold defendant harmless from debt thereon. Wife shall attain possession and ownership of 1982 VW per her financial affidavit. Parties shall execute any documents necessary to put title/registration to effectuate the foregoing.
(F) Life Insurance: Husband shall designate children as irrevocable beneficiaries of life insurance policy as listed on his financial affidavit until youngest child is 18 years of age and shall not incumber policy any further.
(G) Debts: Husband shall assume and pay and hold the wife harmless from the following debts:
 Visa $1,000.00 MC $2,294.00 Sears $1,300.00 MC $1,863.00 _________ Total $6,457.00
Wife shall assume and pay and hold husband harmless from the following debts:
 Visa $5,000.00 Auto repairs/tires $ 493.00 Visa $ 900.00 OB/GYN $ 74.00 Sears Eyeglasses $ 44.00 _________ Total $6,511.00
The wife's maiden name, Monica I. Lambert, is restored to her.
BURNS, J. CT Page 302